**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 10 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TIM L. GODBY**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIM L. GODBY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 77A05-1201-PL-3 |
| | ) | |
| JAMES BASINGER, et al., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE SULLIVAN CIRCUIT COURT
The Honorable P. J. Pierson, Judge
Cause No. 77C01-1011-PL-421

**September 10, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Plaintiff, Tim Godby (Godby), appeals the trial court's grant of summary judgment in favor of Appellee-Defendants, James Basinger (Basinger), Linda VanNatta (VanNatta), Faith Reeves (Reeves), Diana Daugherty (Daugherty), and Aleta Burnett (Burnett)(collectively, the Defendants).

We affirm.

## ISSUE

Godby raises one issue on appeal, which we restate as: Whether the trial court properly granted summary judgment in favor of the Defendants.

## FACTS AND PROCEDURAL HISTORY

The Indiana Department of Correction (DOC) oversees the Wabash Valley Correctional Facility (WVCF), where Basinger acts as Superintendent, Reeves is a counselor, Daugherty is a unit team manager, and Burnett is a casework manager. VanNatta is a final level grievance executive at the DOC. Godby has been incarcerated at the WVCF since October 1997.

The DOC has promulgated rules of conduct for offenders entitled the Adult Disciplinary Procedures Code, Policy No. 02-04-01 (ADP). Godby possessed a version of the ADP dated January 2004, which listed various offenses relating to the use or possession of tobacco. Possession of a tobacco or tobacco-related product was classified as a Class C offense, ADP C-369, and possession of multiple tobacco or tobacco-related

products was classified as a Class B offense, ADP B-245. The ADP also contains a schedule listing sanctions for Class B and C offenses.

In addition, the DOC has established rules regarding offender visitation pursuant to the Policy and Administrative Procedures, Offender Visitation, Policy No. 02-01-102, (Offender Visitation Policy).[1] Section XVIII of the Offender Visitation Policy provides, in relevant part:

> Offenders who are found guilty of certain violations of the applicable disciplinary code shall be subject to non-contact or video visits for prescribed periods of time. [… O]ffenders who have been found guilty of the following disciplinary code offenses may be permitted only non-contact visits:
>
> - Multiple findings of guilty for use or possession of tobacco, tobacco associated products or unauthorized tobacco substitute products (including, but not limited to, more than one lighter, more than one box of matches, more than one package of cigarette rolling papers, etc.)

(Appellant's App. p. 102). For a first offense, visitation may be restricted to non-contact or video visitation for six months, a twelve month restriction for a second offense, and a permanent restriction for a third offense. These restrictions, however, are not "part of any disciplinary action taken against the offender […] but, shall be an administrative action in addition to any disciplinary action taken against the offender." (Appellant's App. p. 103).

---

[1] Two versions of the Offender Visitation Policy are relevant here. The first, with an effective date of September 1, 2007, provided only for non-contact visitation restrictions, *i.e.*, "the offender and the visitor are separated by a physical barrier." (Appellant's App. p. 113). The second version, effective June 1, 2009, in relevant part, added video visitation, *i.e.*, "visitation through electronic media," as a restriction. (Appellant's App. p. 85). We cite to the 2009 version in this opinion.

3

On September 13, 2007, Godby was found guilty by the WVCF Disciplinary Hearing Board of violating ADP Code B-245, which proscribed the possession of multiple tobacco or tobacco-related products, and "placed on non-contact visitation status for the set period of six (6) months." (Appellant's App. p. 175). Thereafter, the ADP Code was apparently revised, eliminating B-245 as an offense and recodifying the possession of tobacco or tobacco-related products into a single offense, ADP Code C-305. On January 20, 2010, Godby pled guilty to possession of tobacco in violation of ADP Code C-305. On January 25, 2010, his visitation rights were restricted to non-contact or video visitation for one year based upon a "second offense" for violating tobacco-related rules. (Appellant's App. p. 14). On March 22, 2010, Godby pled guilty to another violation of ADP Code C-305.

On April 7, 2010, Godby filed a formal grievance protesting his one-year visitation restriction. He alleged that the ADP did not impose visitation restrictions for Class C offenses, but only for Class A and B offenses. He also alleged that he did not receive adequate notice that his visitation could be restricted to non-contact or video visitation under the Offender Visitation Policy and that the Offender Visitation Policy, as amended, had never been posted in his housing unit. Godby requested that his contact visitation be reinstated.

On April 15, 2010, Godby's visitation privileges were permanently restricted to non-contact or video visitation based upon his March 22, 2010 violation. On May 25, 2010, Godby filed a second formal grievance, requesting a one year visitation restriction.

4

However, Godby acknowledged that he was aware of the Offender Visitation Policy based upon the one year non-contact or video restriction he received on January 25, 2010. Reiterating his earlier formal grievance, Godby claimed that he should not have had the one year restriction because changes to the Offender Visitation Policy were not posted in his housing unit. Godby forwarded 21 affidavits from other inmates housed in his housing unit which attested that the 2009 version of the Offender Visitation policy had not been posted. Following denials of both formal grievances, Godby appealed. On July 6 and 15, 2010, VanNatta denied both appeals.

On November 1, 2010, Godby filed his complaint for relief under 42 U.S.C. § 1983, alleging that due process required "fair notice of a rule before being sanctioned" and that the Defendants violated his due process rights under the United States and Indiana Constitutions by restricting his visitation without adequate notice. (Appellant's App. p. 11). On October 17, 2011, the Defendants filed a motion for summary judgment. On December 5, 2011, the trial court granted Defendants' motion and dismissed the cause with prejudice.

Godby now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). A fact is material if its resolution would affect the outcome of the case. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). An issue is genuine if a trier of fact

5

is required to resolve the parties' differing accounts of the truth or if the undisputed facts support conflicting reasonable inferences. *Id*.

This court reviews the trial court's ruling on summary judgment, standing in the shoes of the trial court and applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. On appeal, this court must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *New Albany Historic Preservation Comm'n v. Bradford Realty, Inc.*, 965 N.E.2d 79, 84 (Ind. Ct. App. 2012). When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *See id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

Section 1983 creates no substantive right of its own, but acts only as a vehicle to afford litigants a civil remedy for deprivation of their federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *reh'g denied*, 510 U.S. 1215 (1994). To prevail on a § 1983 claim, "the plaintiff must show that (1) the defendant deprived the plaintiff of a right

6

secured by the Constitution and laws of the United States, and (2) the defendant acted under the color of state law." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004).

Godby argues that the Defendants violated his due process rights under the Fourteenth Amendment to the United States Constitution. By failing to afford him an "opportunity to comply with a rule in order to continue to enjoy his privilege of contact visitation," Godby contends that he was denied due process because he did not receive adequate notice that his visitation privileges would be permanently restricted based upon his three tobacco-use violations. (Appellant's Br. p. 7). Godby also alleges that changes to the Offender Visitation Policy were not posted inside his housing unit, thereby depriving him of notice of the sanctions applicable to his conduct.[2]

Godby's due process claim suffers from a number of infirmities and misapprehensions. Most notable is his confusion of notice of prohibited conduct with notice of sanctions. A basic element of due process is notice of what conduct is prohibited. *See Grayned v. Rockford*, 408 U.S. 104, 108 (1972). A prisoner's right to notice means that the rules must give a person of ordinary intelligence notice of the actions prohibited. *See Adams v. Gunnell*, 729 F.2d 362, 368-70 (5th Cir. 1984). While

---

[2] Godby's § 1983 complaint also alleged due process violations under the Indiana Constitution. However, Section 1983 actions cannot be used to enforce state constitutional rights. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004). Furthermore, Godby makes no argument on appeal that his due process rights under the Indiana Constitution were violated. Consequently, we decline to address Godby's claims under the Indiana Constitution. Godby also argues that the Defendants violated his equal protection rights under the Fourteenth Amendment by not posting amendments to the Offender Visitation Policy in his housing unit. Because Godby did not raise this claim below, it is waived on appeal. *See West Bend Mut. Ins. Co. v. 1st Choice Ins. Services*, 918 N.E.2d 684, 689 (Ind. Ct. App. 2009), *trans. denied*.

Godby has due process rights to notice as to general categories of the acts prohibited, he has no due process right to notice of the sanction he might face for his violation. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Godby makes no claim that his disciplinary proceedings failed to comport with due process. Consequently, he received all process that was due.

Even if there were a cognizable due process claim, Godby has not shown a genuine issue of material fact. The record before us clearly shows that Godby had notice that his conduct may result in a restriction of visitation privileges. The 2007 version of the Offender Visitation Policy, in effect at the time of Godby's ADP Code B-245 violation, provided that a first violation may result in a six month no-contact visitation restriction. Godby admits that he received a six month restriction following his ADP Code B-245 violation in 2007. The 2009 Visitation Regulations were in effect on January 20, 2010, when Godby violated ADP Code C-305. This was his second tobacco-related offense and he received a twelve month no-contact visitation restriction. In his second formal grievance, Godby acknowledged familiarity with visitation restrictions, stating that "I was aware of it on 3-17-10 because of the first suspension [sic]." (Appellant's App. p. 20). Not less than one month later, Godby committed a second ADP Code C-305 offense, his third tobacco-related offense, and the no-contact restriction was made permanent. The Defendants submitted an affidavit from a WVCF official regarding the availability of all policies in the WVCF law library. Godby admitted that he had access to the law library and therefore to all applicable policies. In sum, we agree

8

with the trial court that there are no genuine issues of material fact and the Defendants were entitled to judgment as a matter of law. Accordingly, the trial court properly granted the Defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted summary judgment in favor of the Defendants.

Affirmed.

KIRSCH, J. and ROBB, C. J. concur